**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**BOBBIE SCALES,**                                          CASE NO. 3:26 CV 92

    Plaintiff,

    v.                                          JUDGE JAMES R. KNEPP II

**PORTFOLIO RECOVERY ASSOCIATES,**
**LLC, et al.,**

    Defendants.                                 **ORDER**

On December 2, 2025, *pro se* Plaintiff Bobbie Scales filed this action in the Lucas County Court of Common Pleas alleging, violations of the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), as well as state statutory and common law causes of action. (Doc. 1-1, at 2-11). She sues Defendants Portfolio Recovery Associates, LLC; Weltman, Weinberg & Reis Co., LPA; Attorney Ted M. Traut; and John Does 1-10. *Id.* at 2. Plaintiff's Complaint asserts facts related to debt collection activity, alleging Defendants have and are attempting to collect on a debt that they do not own. *See id.* Defendants removed the case to this Court. (Doc. 1).

Plaintiff's claims arise, at least in part, out of a state court debt collection action. *See Portfolio Recovery Associates v. Scales*, No. CVF2502389 (Sandusky Cnty. Mun. Ct.); Doc. 13-1.[1] Plaintiff Portfolio Recovery Associates, LLC is the Plaintiff in that case, and Defendants Attorney Ted M. Traud and the law firm of Weltman, Weinberg & Reis Co, LPA are its attorneys.

---

1. This Court may take judicial notice of the state court proceedings. *See Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999) (citing *Granader v. Pub. Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969) (collecting cases).).

*See id.* That suit was filed on October 20, 2025. On December 2, 2025, Plaintiff filed a Motion to Dismiss and Counterclaim in that action. The same day she filed the now-removed Complaint in the Erie County Court of Common Pleas against Defendants.

Currently pending before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 8). Plaintiff states she seeks "to preserve the status quo pending adjudication of threshold issues." *Id.* at 1. As to irreparable harm, Plaintiff states: "Absent interim relief, Plaintiff faces continued litigation and collection pressure based on disputed ownership and damages. These harms are not fully compensable by money damages." *Id.* at 2. In an attached Declaration, Plaintiff states that "[w]ithout interim injunctive relief, [she] face[s] ongoing harm that cannot be fully remedied later, including continued credit damage and ongoing collection and litigation pressure while threshold proof of ownership and amount remains unresolved." (Doc. 8-1, at 1). Defendants oppose the motion, arguing (1) the Federal Anti-Injunction Act, 28 U.S.C. § 2283, and abstention principles, and (2) Plaintiff has not demonstrated the requirements for a temporary restraining order or preliminary injunction. *See* Docs. 13, 14. Plaintiff replies. (Doc. 16).

The Court finds Plaintiff has not demonstrated entitlement to the extraordinary remedy of a temporary restraining order or preliminary injunction. Although *pro se* pleadings are entitled to liberal construction and held to less stringent standards than formal pleadings prepared by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants in federal court must still adhere to the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A TRO is an "extraordinary and drastic remedy" and should "only be awarded upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848–49 (6th Cir. 2017) (citations omitted). Pursuant to Federal

Civil Rule 65(b)(1)(A), a court may issue a TRO without written or oral notice to the adverse party or its attorney only if the plaintiff shows "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant." Courts consider four factors in determining whether to grant or deny a temporary restraining order: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without an injunction; (3) whether granting the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting the injunction. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).[2]  Plaintiff "bears the burden of justifying such relief, including showing irreparable harm and likelihood of success." *Id.*

Plaintiff has not demonstrated entitlement to the extraordinary remedy of a TRO. The Court cannot conclude on the basis of Plaintiff's allegations alone that she is likely to succeed on the merits of her claims. Nor does the Court find Plaintiff has alleged an injury that is irreparable. To demonstrate irreparable harm for purposes of a TRO or preliminary injunction, a plaintiff must allege harm that is both certain and immediate, rather than speculative or theoretical. Economic losses that can be cured with money damages do not constitute irreparable harm. *See, e.g.*, *Taubman Co. v. Webfeats*, 319 F.3d 770, 778 (6th Cir. 2003) ("[B]ecause any damages would be economic in nature and fully compensable monetarily, we find no potential for irreparable harm."); *Dayton Area Chamber of Com. v. Becerra*, 696 F. Supp. 3d 440, 458-59 (S.D. Ohio 2023). The Motion's only cited support for irreparable injury is Plaintiff's own conclusory statement of such. (Doc. 1, at 2, 5). But both the Motion and Complaint describe only economic harm, which Plaintiff

---

2. The same standard generally applies to temporary restraining orders and preliminary injunctions. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008); *Northeast Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

has not persuasively demonstrated cannot be cured with monetary damages should she prove Defendants violated the law. *See, e.g.*, *Evans v. City of Ann Arbor*, 2021 WL 1405171, at *2 (E.D. Mich.) ("Plaintiffs do not explain how having a lower credit score will result in immediate and irreparable harm. . . . Economic damages such as lost revenue are generally insufficient to support emergency injunctive relief."); *Silva v. Volkswagen Grp. of Am., Inc.*, 2025 WL 819076, at *2 (C.D. Cal.) ("Harms to Plaintiff's credit score and finances more broadly are fundamentally economic harms, unsuitable for a temporary restraining order." (citing *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 595 (1952) (Frankfurter, J., concurring) ("A plaintiff is not entitled to an injunction if money damages would fairly compensate him for any wrong he may have suffered.")). Moreover, Plaintiff's allegation regarding litigation pressures does not constitute irreparable harm. *See, e.g.*, *In re Polyurethane Foam Antitrust Litig.*, 2014 WL 12591692, at *4 (N.D. Ohio) ("A showing of irreparable harm requires more than a reference to litigation costs associated with continued district court proceedings, or to settlement pressures.").   The Court finds the absence of allegations sufficient to establish any irreparable harm is fatal to Plaintiff's request for emergency injunctive relief.

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 8) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: March 3, 2026

4